UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GEORGE BENNETT & MARTHA BENNETT fka MARTHA GORSUCH, husband and wife and the marital community composed thereof<br><br>Plaintiffs,<br><br>v.<br><br>HOMEQ SERVICING CORPORATION, a New Jersey Corporation, WACHOVIA MORTGAGE CORPORATION, a North Carolina Corporation, REGIONAL TRUSTEE SERVICES CORPORATION, a Washington Corporation<br><br>Defendants. | No. 2-06-cv-874<br><br>ORDER GRANTING REGIONAL TRUSTEE SERVICES CORPORATION'S MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on motion for summary judgment by Defendant Regional Trustee Services Corporation ("Regional"). Having reviewed the record and the documents submitted by the parties (Dk. No. 1–3, 16, 19, 21), the Court **GRANTS** Defendant's motion.

**Background**

This case concerns a foreclosure on the Plaintiffs' home. Plaintiffs claim improprieties in that process by Defendants Regional, Homeq Servicing Corporation ("Homeq") and Wachovia Mortgage Corporation. On February 23, 1999, Plaintiff Martha Bennett—then known as Martha Gorsuch—executed a Note and Deed of Trust for the property located at 7365 Jackson Road, Blaine,

ORDER - 1

Washington. (Dk. No. 1, Ex. A & B) Homeq, the loan servicer, later declared Plaintiffs in default, and on January 31, 2006, Regional sent a Notice of Default to Plaintiffs. The Notice was issued by "REGIONAL TRUSTEE SERVICES CORPORATION Trustee and/or Agent for the Beneficiary" and signed by Nanci Lambert, a Regional employee. (Id., Ex. C) On February 2, 2006, Regional was appointed as trustee, and on March 2, 2006, Regional issued to Plaintiffs a Notice of Trustee's Sale and Notice of Foreclosure. (Id., Ex. D–F) The amounts itemized in these notices were provided by Homeq to Regional, and Regional had no independent knowledge of the truth of these claimed debts. (Dk. No. 16, Kaufman Decl. ¶ 4, 5)

On May 19, 2006, Plaintiffs filed suit in Washington state court to enjoin the Trustee's Sale, and on June 20, 2006, Defendants properly removed the action to federal court. (Dk. No. 1) The Bennetts' lawsuit includes several alleged violations of federal lending laws, but the only claim against Regional is for breach of their fiduciary duty as trustee under Washington law. (Id. at 10–15)

**Analysis**

I.   Summary Judgment Standard

Summary judgment is not warranted if a material issue of fact exists for trial. Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir. 1995), cert. denied, 516 U.S. 1171 (1996). The underlying facts are viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). "Summary judgment will not lie if . . . the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The party moving for summary judgment has the initial burden to show the absence of a genuine issue concerning any material fact. Adickes v. S.H. Kress & Co., 398 U.S. 144, 159 (1970). Once the moving party has met its initial burden, the burden shifts to the nonmoving party to establish the existence of an issue of fact regarding an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). To discharge this burden, the nonmoving party cannot

1  rely on its pleadings, but instead must have evidence showing that there is a genuine issue for trial. <u>Id.</u>
2  at 324.

3  II.     <u>Notice of Default</u>

4       Plaintiffs' Complaint and Response cite two potential breaches of fiduciary duty. First,
5  Regional lacked the authority to execute the Notice of Default because it was not the trustee on
6  January 31, 2006. The Notice, however, stated Regional is "Trustee <u>and/or Agent</u> for the
7  Beneficiary" (emphasis added). Regional asserts they were acting as Homeq's agent at that time.
8  Under Washington law someone may serve both as the creditor's agent and as trustee. <u>See</u> <u>Meyers</u>
9  <u>Way v. Univ. Savings Bank</u>, 80 Wn. App. 655, 666 & n.8 (1996). This claim is easily dispensed with,
10 as it is clear that a party may serve in both capacities.

11 III.    <u>Notices of Trustee's Sale and Foreclosure</u>

12      Plaintiffs' also claim Regional breached its fiduciary duty by including debts in the notices
13 without conducting any independent verification. Regional correctly points to RCW 61.24.030. The
14 statute contemplates the trustee will simply pass along allegations of debts claimed by the beneficiary
15 (indeed, according to the statute, the beneficiary-creditor can send the notices directly). When a
16 debtor disputes any claim, the proper procedure is to challenge the foreclosure in a lawsuit, which is
17 exactly what the Bennetts did here. <u>See</u> RCW 61.24.130. Contested claims are to be decided in a
18 court proceeding, not by the trustee, and consequently Regional did not breach its fiduciary duty to
19 Plaintiffs.

20 IV.     <u>Motion to Strike</u>

21      Plaintiffs' motion to strike portions of the Kaufman declaration is without merit. The
22 objections are incorrect as 1) the foundation for Kaufman's statements in this matter is established by
23 her position, and 2) the statements are not conclusions of law. Plaintiffs' claims against Regional fail
24 largely as a matter of law. Therefore the objections would be moot.
25      The Clerk is directed to send copies of this order to all counsel of record.

ORDER - 3

1    Dated:   May 2, 2007.

3                                                          /s/ Marsha J. Pechman
                                                        Marsha J. Pechman
4                                                       United States District Judge

ORDER - 4