UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GEORGE BENNETT, et al., <br><br>　　　　　Plaintiffs, <br><br> v. <br><br> HOMEQ SERVICING CORP., et al., <br><br>　　　　　Defendants. | No. C06-874MJP <br><br> ORDER DENYING WITHOUT PREJUDICE MOTION FOR SANCTIONS |

　　　　This matter comes before the Court on Plaintiffs' motion for sanctions on discovery. (Dkt. No. 27.) Plaintiffs argue that Defendants should be sanctioned for failing to adequately respond to Plaintiffs' interrogatories and requests for production. Defendants oppose the motion. (Dkt. No. 28.) Defendants argue that Plaintiffs' motion is premature because Plaintiffs failed to meet and confer prior to bringing this motion, and that regardless, HomEq's discovery responses were reasonable. Having considered the motion and response, the Court DENIES Plaintiffs' motion without prejudice.

　　　　Plaintiffs have not fulfilled their responsibility to meet and confer prior to bringing this motion. Under Federal Rule 37(a)(2)(A), a party moving to compel discovery and for appropriate sanctions must "include a certification that the movant has in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action." Fed. R. Civ. P. 37(a)(2)(A). In this District, the good faith conference requirement is not fulfilled until the parties have had a face-to-face meeting or a telephonic conference. See Local Civil Rule 37(a)(2)(A) ("A good faith effort to confer with a party or person not making a disclosure or discovery requires a

face-to-face meeting or a telephonic conference"). The conference requirement is an important one — it facilitates a narrowing of the issues before they are presented to the Court.

In this case, Plaintiffs failed to properly meet-and-confer with Defendants before bringing their motion. It appears from the record that counsel for Plaintiffs and Defendants discussed Plaintiffs' concerns about Defendants' discovery responses over the telephone on May 24, 2007. (Buckley Decl. ¶ 12.) That conference apparently ended with a commitment from Plaintiffs' counsel that he would provide a letter outlining his specific issues with HomEq's discovery responses.[1] (Id. ¶ 13.) No such letter was ever received by Defendants. (Id. ¶ 14.) Instead, on August 24, 2007, Plaintiffs filed their motion for sanctions.

The parties' May 24 conversation does not satisfy the Court's meet-and-confer requirement. Because Plaintiffs' counsel committed that he would provide a letter outlining his specific issues, the parties had not finished attempting to narrow the issues before Plaintiffs filed their motion. The Court expects the parties in this, and all other discovery disputes, to continue to communicate in person or via telephone until they reach an impasse in their discussion of the pertinent issues. The parties are ordered to meet and confer within seven (7) judicial days of this order to discuss the issues presented in Plaintiffs' motion. If, after that conference, unresolved issues remain, the parties may present those issues in the unified format outlined in Local Civil Rule 37(a)(2).

The clerk is directed to send copies of this letter to all counsel of record.

Dated: October 12, 2007.

Marsha J. Pechman
United States District Judge

---

[1] Defendants offer the declaration of their attorney, Brian Buckley, who explains the series of communications (or lack thereof) leading up to Plaintiffs filing their motion. Plaintiffs have not offered any affidavits or evidence that contradicts Mr. Buckley's declaration.

ORDER — 2