UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GEORGE BENNETT, et al.,

                Plaintiffs,

v.

HOMEQ SERVICING CORP., et al.,

                Defendants.

No. C06-874MJP

ORDER DENYING MOTION TO CONTINUE DISPOSITIVE MOTIONS DEADLINE AND TRIAL DATE

      This matter comes before the Court on a motion to extend the deadline for filing dispositive motions and to continue the trial date brought by Defendants HomEq Servicing Corporation and Wachovia Mortgage Corporation. (Dkt. No. 33.) Plaintiff does not oppose the motion, but separately moves for a protective order. (Dkt. No. 35.) Having considered the motion and response, Defendants' reply (Dkt. No. 36), and the record herein, the Court DENIES Defendants' motion and re-notes Plaintiffs' motion for consideration at a later date.

      The trial date in this case has been continued several times. In March 2007, at the request of Defendant Regional Trustee Service Corporation, the Court continued the trial date from September 2007 to January 2008. (Dkt. No. 17.) In June 2007, the Court granted Plaintiffs' request that the trial be continued, and continued the trial to February 19, 2008. (Dkt. No. 26.) That June 2007 scheduling order set a discovery completion deadline of October 22, 2007, and a dispositive motions deadline of November 21, 2007. (Id.)

      In October 2007, the Court denied Plaintiffs' motion for discovery sanctions because the parties had not conferred prior to Plaintiffs filing their motion. (Dkt. No. 30.) The Court ordered the

parties to meet and confer and renew any continuing discovery disputes with the Court. (<u>Id.</u>) Instead, on October 16, the parties filed a "Joint Status Report" in which they informed the Court that they had agreed to suspend all discovery until November 30, 2007, and address any remaining unresolved issues with the Court after that date. Apparently, in late November, the parties agreed to mediate and keep discovery and other litigation efforts suspended until after the mediation. (Def's Mot. at 3.) The parties never requested the Court's permission to extend the period for completing discovery or filing dispositive motions.

Now that the parties December 14, 2007, mediation has failed, the parties want additional time to file their dispositive motions and prepare for trial. The Court will not grant such a request. As the Court's scheduling orders explain: the dates set by the Court "are firm dates that can be changed <u>only by order of the Court, not by agreement of counsel or the parties</u>. The Court will alter these dates only upon good cause shown: failure to complete discovery within the time allowed is not recognized as good cause." (<u>See</u> Dkt. No. 26.) The Court appreciates the fact that counsel intended to limit litigation costs by suspending discovery and other litigation efforts and that the parties now hope to narrow the issues before trial. But the parties never asked the Court for permission to suspend the discovery and dispositive motions deadlines. The Court will not entertain a motion to extend the dispositive motions deadline now almost two months after that deadline has passed. The motion to continue the dispositive motions deadline and trial date is DENIED.

Plaintiffs have included in their response a motion for a protective order. As Defendants point out, Plaintiffs should have filed this request as a separate motion. The Court treats the request as a separate motion, and notes it on the motions calendar for consideration on January 15, 2008.[1]

The clerk is directed to send copies of this order to all counsel of record.

Dated: January 18, 2008.

*Marsha J. Pechman*
Marsha J. Pechman
United States District Judge

---

[1] Plaintiff asks that the request for a protective order be heard on a shortened period of time. Motions to shorten time have been abolished. Local Civil Rule 6(e).

ORDER — 2